Good morning, Your Honors. Robert Rezati for Appellant. Sherry Yali Liu. I would like to reserve two minutes for rebuttal. This is obviously a 12B6 appeal. First Amendment complaint states or can be amended to state a complaint and therefore the judgment should be reversed. There are three issues raised in the... What amendment would you propose? If necessary, I would amend to add allegations regarding the issue of... I raised two points of possible amendments in my briefing. I argued that I made two new arguments, legal arguments that weren't presented below, concerning who was the appropriate person to respond to... I'm not interested in your legal arguments. Tell me what objective, operative facts you would allege that you did not allege earlier. I would allege that Sherry Yali Liu could respond to the requirements under the single sum option. Start again. That who... The plaintiff. The plaintiff? Defense argues that they're obligated to provide information to the recipient. Right. And under the single sum option, under its express language, the recipient is the distributee who is Sherry Yali Liu. I could allege that she could respond to any additional questions that needed to be responded to. Because that's what the law says and that's actually what the plan says. So I could make that additional allegation because it's simply a legal allegation. I don't know what to... Sorry, go ahead. It's not a matter of whether she could respond. The question is whether she did respond. No, she wasn't asked to respond. So the allegation would be what Kaiser argued below was that only the person, the decedent can respond to these questions. But the regulation itself and the plan itself says the distributee could respond, can receive this information. So if the person who's the initial participant, Sherry's sister, is no longer alive, the question then becomes under the single sum option, if you have to give this information, who is it properly given to and who properly responds to it? The regulation and the plan expressly state that it can be the distributee who is Sherry. Did you make that proposal in the district court? No, I did not. And I point that out in my briefing. But this is de novo review. I can make it here. It's a legal argument. I have a procedural question about that because there's an odd wrinkle here in terms of allowing further amendment because below your client moved for summary decision. So it's not like you were just responding to a motion to dismiss. You affirmatively said we want a summary decision based on the existing pleadings. So given that procedure, why does it make sense to allow further amendment? The court didn't allow the summary proceeding to go forward. But you moved for it. So there was every indication that you were wanting to stand on the pleadings as existed. That's correct. Except the judge wouldn't let it go forward. So at this point we're in a different procedural context. The context is you can ---- What do you mean that it didn't let it go forward? Just denied it? No, no. Initially I asked her clerk if I could file an opposition to the 12B6 motion and file a motion for summary judgment. She said yes. But then they filed a motion to just bifurcate and not go forward with the summary judgment motion. And therefore it never went forward. The only issue that was adjudicated was the 12B6 motion. So in your motion for summary affirmance you were trying to get an evidentiary, a decision based on evidence, not just pleadings. Yes. But I didn't get it. So in the context of this proceeding ---- Did you file a first amended complaint? Yes, I did. And a second amended complaint? No. Just a first? Just a first. And that was after a motion, after 12B6, or did you just decide to do it on your own? After 12B6. The first thing that happened was you filed your original complaint. They filed a motion to dismiss. You had an agreement to file a first amended complaint and you did so. Yes. And this theory didn't occur to you at that time? It did not. Uh-huh. Does it make any difference that Sherry Liu was not like her attorney, in fact, or her ---- She was just her sister. That doesn't mean she has all power for her sister. I don't believe it makes any difference. She was simply doing what her sister told her to do by submitting an online application. Well, she didn't really complete the application, correct? They say she didn't. I believe she did. Well, the ---- But I don't know. The plan says subject in a form. What is it? In a form subject to the approval? It was in a ---- Something like that. Right. It's an electronic form that they submitted and she filled out. It's eight or ten pages. I don't know what else they expected. All I know is I have the form. But the plan gave Kaiser considerable discretion, correct? Yes, it did. The plan, neither the plan nor the summary description. What is it? The summary plan description never set out what the steps would be, correct? It does not. It was just all to the discretion of the committee. No. No? The plan itself says that certain other statements are not ---- it doesn't actually require it to be done by the participant. It requires it to be done by the plan. So what the plan has argued is their routine administrative practice can be incorporated into an actual, in effect, plan amendment. That's precisely what this court held in Blau v. ---- Let me ask you this follow-up question. You don't contend that there's a different standard of review that applies other than abuse of discretion. Is that correct? Administratively correct. For the purposes of this hearing, it's de novo. No, but even if it is de novo, the question is, the ultimate question is, did the plan abuse its discretion in denying her these benefits? Correct. I agree. So it's abuse of discretion. You didn't argue anything else, right? No, I did not. There's no basis to argue anything else. Right. Okay. Why would it be abuse of discretion under the circumstances here for Kaiser to want some verification about who's applying for benefits? It's not an abuse of discretion, but it's abuse of discretion would add additional requirements to the obligation to get benefits. What the plan says is ---- Well, what were the additional requirements that would cause an abuse of ---- that would amount to an abuse of discretion? Depends on which cause of action you're talking about. So for the cause of action about the single-sum option, all that ---- it says right in the plan that if, in fact, the participant dies before the distribution, then the additional information can be provided to the distributee, who is, by definition, Shari Ali Lou. So what they said is, we're not going to authorize this distribution. Where is the definition that says that she ---- what's the definition that she meets to be described as a distributee? It's in ---- Because you seem to say that by an operation of law. That's right. Or by operation of contract, she's the distributee. Right. It's subparagraph H. It's on ER 147 and 148, direct rollovers of lump sums or periodic payments. It says who is the distributee, and it can be somebody other than the participant, and it incorporates the statutory language that makes the distributee, by definition, Shari Ali Lou. But that person has to be designated. So this whole case comes down to, was she properly designated? Yes. So we don't even get to that definition without a designation, even if she met the technical requirement that she be, what is it, not less than 10 years younger or something like that? Right. But she has to be designated. The form submitted designated her. So this whole case comes down to that question. You don't have another path to say that she's the designee. You have to make sure that she's designated through this form and approval process. I have to make sure she's designated for the first cause of action, not for the second claim. Second claim is a death benefit. It doesn't require a designation. It just requires an incorporation by reference of a statute. See, that's what I don't understand, because that statute says that typically it's the spouse, right, and then you have kind of an automatic thing. If you have a spouse, then your benefits are going to go there. But if you don't have a spouse, then you can have a qualified designated beneficiary. But you still have to have the person designated. No, that's not what the statute says. The argument is quite simple, and I'm running out of my time, but the argument is simple. The plan itself incorporates by reference 401A9, all of it, the entire paragraph. And the entire paragraph has a definition of who's a designated beneficiary, who's a qualified designated beneficiary. The incorporation by reference changes the plan. But that statute that you want to incorporate deals with defined benefit plans. No, it does not. I'm sorry, not defined. When you make a contribution, contributory plans. It deals with defined benefit plans. It expressly does not deal with contributory plans. Subparagraph H has a provision that says these are separate provisions for contributory plans. It deals with defined benefit plans. I misspoke a minute ago. The reality is that incorporation by reference, just like this court's holding in this Cayeno, incorporated by reference the whole thing and changed the meaning of the plan. What's the other interpretation that's possible? Well, but I still think that, as I read that statute, it seems to be dealing with contributory plans. It does not. You should read it again, Your Honor. It goes to tax consequences and whatnot, if I'm not mistaken. And there's a difference between contributory plans and defined benefit plans. There is a difference. Subparagraph H says certain provisions only apply to contributory plans. But subparagraphs A through E apply to defined benefit plans, which this is, and states we're going to pay you pursuant to these terms with these defined terms. And the plan itself says this provision is incorporated by reference. This court held in a previous case, this Cayeno, yeah, you know the case. All right. Now you're starting to repeat yourself. I know. I got it. Thank you. We'll give you a little bit of time for rebuttal. Thank you. Morning, Your Honors. May it please the Court. Clarissa Kong from Trucker Huss, representing Appalese Kaiser Permanente Employees Pension Plan for the Permanente Medical Group and Kaiser Foundation Health Planning. This case is about rules, and a pension plan has rules for distribution of benefits. Can I jump right in? I want to make sure that I understand the process that your client says wasn't completed. So I'm going to sketch out my understanding. You tell me if I'm wrong. So there was an online form that needed to be submitted with all kinds of information to indicate that you wanted a new beneficiary for your benefits. That would get submitted to the company. There would be some sort of a review process on the company end, and then the company would send back to the employee various notifications or disclosures that had to be confirmed, received, or something like that, and then a final approval decision was made. Do I have that roughly correct? Roughly correct, Your Honor. Then let me stop you there. Does the company claim that that first step of filling out the form and getting it submitted in the first instance was insufficient, incomplete, the wrong form? Was there some sort of defect at that first step? No, Your Honor. There was no defect after that first step. So then for the next – sorry, I keep cutting you off. I'll let you – I just want to make sure I understand. So if that first step was sufficient, what was left for the employee to do other than sort of confirm receipt of notices that the plan would issue? There was not just confirmation of receipt, but an acknowledgment that the disclosures that are required under law and under the pension plan were read and acknowledged. There is a process by which that first online initiation is not just the designation of a beneficiary, but also that the form of benefit that is being elected is permissible under the terms of the plan and, in addition, who the beneficiary would be. So the thing that I'm trying to figure out in terms of the steps and where we are and what got done and what didn't get done is how to wrestle with the substantial compliance doctrine. So I know that there's an argument that it doesn't even apply in this context. We'll get to that, set that aside for a minute. Assuming it does apply, why wouldn't it be satisfied here if the first step of submitting the form and making the change and providing all the information that the company needs to see that change, if all that was done properly, why wouldn't, as a matter of equity, substantial compliance come in where the person died, like she can't do the next steps? As the court noted in my opponent's argument time, there was a piece of fact that showed that Yasha, the decedent, had not actually filled out the online election and that her sister did, and her sister at the time did not have a power of attorney. That's one of the reasons why there is a process. So I'm getting back to, like, that's why I was asking. From the company's perspective, was there something the matter with step one on the submission of the form and you said no, and now you're suggesting maybe there is a problem with that first step? The form itself did not have a problem, but after through the administration. When you say the form itself, you mean what was filled out in answer to the form did not have a problem? Correct, Your Honor. Okay. But it was after the decedent had passed away where it was confirmed that her sister was the one who had signed the forms or had filled out the online forms and had not possessed a power of attorney at the time. Why wouldn't that be a question for a jury to look at in terms of assessing whether that was a valid step or not, or a fact finder? Well, I think you're also talking about whether substantial compliance applies. I think you said that that would be a question that we would take up later. But there is a requirement under the plan that all of these steps need to be taken. The plan provides discretion to the administrative committee to set the rules regarding administration of the plan. Well, that goes to the argument of whether substantial compliance even can work in this context. And I guess my question there is we have substantial compliance in the context of at the plan level and at a statutory level. If you have a list of things that you must do to accomplish some sort of task and you get most of them done but not all of them, maybe as a matter of equity this doctrine of substantial compliance will step in when the circumstances are such that you're just not going to be able to finish the rest of the checklist of things to do. Why would that be different in the plan context? I understand that the plan has discretion to set the requirements for doing this task, for changing your beneficiary, has discretion to pick the form and the process. That's fine. But once a plan does pick a process, why can't we measure whether the person substantially complied with that process? I mean, once a process is picked, it's not like the plan has discretion. Or maybe you're going to tell me it is. The plan has discretion to be like, no, that's not the process we wanted. We're going to change it. Well, Your Honor, ERISA requires the fiduciaries of the plan to operate the plan in accordance with its terms. So the terms of the plan do set the rules. And in addition, ERISA requires a plan to be administered similarly to similarly situated participants. In that way, discretion is limited to uniform operations of the plan. In order to uniformly operate and administer this plan, you need to have set rules. If you are adjudicating claims based on whether someone gets close to meeting the rules, that causes issues with uniform administration, which is required of ERISA fiduciaries. And in the context of this plan, operating the plan in accordance with its terms. Let me ask you this. Somebody in the decedent's position that is, you know, she had a, it was not well, right? And let's assume that it was still mentally competent enough and said, hmm, I think I better make arrangements for whatever pension benefits I have. Is there some place like the summary plan description or the plan itself or some flyer that says, okay, this is what you need to do and lays out all the steps? Your Honor, the record does not contain whether there is a flyer, but the record does contain in the appeal determination letter a statement where the decedent did call into the Kaiser Permanente Retirement Center in November before she passed away in March, where she asked what was required and someone did tell her what was required. And I believe that is the record. And one thing she was told was she should go online. So this is at the excerpts of record at 90. And there was a question about how benefits could be started. And the representative said that she needed to terminate employment first. And it was explained that, you know, she had, I guess, a friend who had received a pension while still working. And I believe that that conversation was made personally by the decedent. So what I found, I tried to look this up when I was reviewing the record. That is, you know, the steps that one would have to follow. Like, so informally, okay, you've got to go online, you have to file an application. It's going to come to us. You fill it out. We'll review it. We'll make sure everything is in order. We'll get back to you. And then we'll review it again. And you have to do all this within 60 days of your retirement. But I couldn't find anything. All it just says is you're subject to the form approved by the committee. Your Honor, the plan isn't able to have every single detail, every single step of administration. Instead, the plan does say that the benefit election has to be in written form, in the form prescribed, and in a form acceptable to the plan administrator. The plan then says that the administrator is empowered to administer the plan and create rules to administer the plan as it deems appropriate. That was acknowledged in the First Amendment complaint filed by plaintiff. Let me ask you this. How do you know that the sister actually filled out the form and when it called for a signature put in her sister's name, the decedent's name? It was stated, I believe, in the appellant's declaration under penalty of perjury that was submitted in connection with the appeal. What do we do with that when we're reviewing a 12b-6 ruling? Your Honor, the court did look at the documents, the correspondence, including that declaration as incorporated by reference. It was confirmed at the hearing by plaintiff that that incorporation could occur on a 12b-6. I wanted to also note that in the hearing transcript that is included in the excerpts of record, there was a question from the court whether there would be any additional facts that the plaintiff could raise. And it was confirmed at the time that there were no additional facts and that the court could make a ruling. And that's the hearing transcript is at and that particular pin site is at the record at 031. So coming back to this question about whether substantial compliance can work in this context, the Pimentel case from California has a statement in that case that suggests that it would apply. I want to read that statement to you and give you an opportunity to tell me your position on whether Pimentel doesn't apply here or what to make of it. So this is the statement in Pimentel that I think is important. Quote, if insured has pursued the course pointed out by the laws of the association and has done all in his power to change the beneficiary, but before the new certificate is actually issued, he dies, a court of equity will treat such certificate as having been made. It's a little bit old-fashioned language because I think the case is from the 30s. But the same idea was going on there as is going on here of like the person had taken some steps to accomplish this task of changing the beneficiary and then they died before the process was done. And the court said as a matter of equity in that context, we will come in to make sure that the intention of the person gets fulfilled. Why wouldn't we apply that in this context? There was no change of beneficiary in our case. It was election to retire, to terminate employment and retire. That is a different case. I think there is an acknowledgment that. I don't understand that. She didn't elect to stop working. She died. She did, but there is a requirement when you elect a benefit to actually terminate employment, retire and get a benefit from the plan. This plan provides if you die while still employed before you complete that election process, only certain kinds of individuals are eligible for a death benefit. And in this case, a death benefit would have been paid if the decedent were married, had a domestic partner or a qualified dependent. The actual form, am I correct, the actual form that was submitted is not in the record? The online form. The online form, yeah. It's not in the excerpts of record. It may, I believe it is in the record attached to Mr. Rosati's declaration. It is not included in the excerpts of record. Is your position that that form, I haven't had a chance to look at it, so we'll go and look at the district court record and see if we can find it. Is your position that that form only made an election of type of benefit and it was not also doing some work in terms of who the beneficiary was going to be? It was doing both, Your Honor. It was doing both. So then I come back to this quote from Pimentel. If it was doing both and she was trying to indicate who should get her benefits when she died because she knew that that was forthcoming, why wouldn't we apply that principle from Pimentel here? Well, in order to designate a beneficiary, you actually need to elect to retire in the form of benefit. And that then requires her to have gone through this administrative process to confirm all of the elections and that the plan had some confirmation that indeed the person intended to retire and it wasn't, you know, that it was done either by her sister or somebody who had power to do that. It wasn't just that there was a benefit to be paid and there was a change in a designation of a beneficiary. The first question is whether any benefit would be paid. And under this plan, there is no benefit paid in a context where a participant dies while still employed and does not have a spouse, domestic partner, or a qualified dependent. So let me ask you one last area. Counsel argued that the plan incorporated another provision, that the result of that would be that the sister was a designee. Can you respond to his argument on that point? Yes, Your Honor. The Distributee is a defined term under the plan, but Distributee only comes into play if you've got a benefit to distribute. The required notices under the plan, and this is under Section 8-E, subsection D as in DOG, that requires the notices to be sent to the participant with a capital P defined in the plan. It does not permit disclosure of those notices to a Distributee. The section that my opposing counsel has cited with regard to Distributee, that's found in 8-E-H, and that has to do with the mechanism of rolling the benefit out of the plan into, say, an IRA or another qualified plan. That mechanism doesn't come into play until there is a benefit election of a particular form. So H, that section of the plan doesn't come into play unless there is a benefit election under C, and the notices under D to the participant. What if the insured is incapable of making a notification of termination of her employment for retirement? Does that mean that if she's incapable of doing that, she's also incapable of naming a beneficiary? It's possible, Your Honor. The plan does not have any sort of a judgment drafted into the plan, but it could have been a reason why there is an administrative process to assure that the benefit election that is online is confirmed by the person that is owed the benefit and that there are required distributions. There's proof of age and identity, but one would think that a big pension plan such as this one needs to have rules that make sure that the administration is proper and that you can rely on something like an online benefit election, and this is the process that, under the plan, the administrative committee has the discretion to implement and to create. What happens if the employee is unable to fill out the plan? Can't she authorize somebody to do it for her without a power of attorney? It's possible if there's assurance. It's not a question for substantial compliance, then. Well, it is, but, Your Honor, there also needs to be assurance that the decedent did actually make that direction. Question of fact, right? Well, it's possible. All it has to be for a 12B6 issue is that it be alleged. But it also taking into account all of the record, including the correspondence, that stated that the plan had said she didn't have a power of attorney. It incorporates, by reference, the declaration from the appellant stating that she did not have a power of attorney. So it isn't a question of fact that is for a trier of fact. It could be fairly adjudicated on a 12B6 where the plan correspondence was incorporated by reference. It is referred to in the First Amendment complaint, the district court, fairly incorporated by reference for the purposes of a 12B6. All right. I don't think there are further questions. Thank you, counsel. Thank you. All right. We'll put two minutes on the clock for rebuttal. Thank you, Your Honor. There's two possible benefits here. One is the rollover benefit. Once the sister elected the rollover, she filled out the form. The form is like 10 or 12 pages. It's an electronic form that they gave her. She had her sister submit it because, as I do all the time, I have staff submit things online all the time. I don't know how to do it. Presumably, Sherry's sister was not physically capable of doing it, or maybe she just wanted her sister to do it, but it was done. They knew Sherry was the beneficiary. They paid over $600,000 to her on the other benefit. There was another pension benefit, which they paid to Sherry. They knew that Sherry was a designated beneficiary. They note that in the letter to her. So the issue is on the single-sum option, that's a benefit that can be paid after death. And after death, the notices that they're talking about by the terms of the plan can be answered by Sherry. All that has to be done is Sherry elects, or the sister elects, roll it over into an IRA. And then, if they need more information about, we notify you about this, the plan itself says the distributee can respond. That can be paid after Sherry is dead, or after the sister is dead. The other option is the death benefit. If she doesn't get the first benefit, she's not asking for both. If she doesn't get the first benefit, there's no designation for the second benefit. The designation would be what the plan says. And what the plan says is it incorporates, by reference, 401A9, the whole thing. And that includes categories of people who are eligible for this benefit, which by definition defines Sherry. It says right in 401A9A2, we're going to pay it pursuant to these terms. So that means we have a different standard for defining who's an eligible beneficiary. We have a different standard. We have a standard for eligible qualified beneficiary. And Sherry fits the criteria. It knocks out, I mean, it's just, they incorporate it by reference. Does legitimate, that's the argument. That's clearly what happens here. The quote that I read from the Pimentel case is not really discussed in the briefs. Do you think that that case applies here? Yes. The principle that I'm talking about? I think I cited it in the letter I wrote them in the appeal. Yeah, the case is cited, but the principle that I quoted is not discussed. So I'm trying to figure out your position of you think that that applies and that there aren't. I mean, your friend across the aisle is saying that there are material differences between what was going on in that case and what's going on in this case. I don't see any because this court is how the California law applies. That's what California law says. All right. Any further questions? No. All right. Thank you, counsel. The matter of Lew v. Kaiser Permanente employee pension plan is submitted. And that completes our arguments for this morning. All rise.
judges: PAEZ, BEA, FORREST